# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

DAIMION A. GOLDSMITH,

      Plaintiff,

v.                                                               CASE NO.  5:04cv72-RH/WCS

JAMES V. CROSBY, et al.,

      Defendants.

_____/

## ORDER DENYING MOTION TO REOPEN CASE

Plaintiff, an inmate in the Florida Department of Corrections, raised in this action various claims related to the taking of his contact lenses by a correctional officer.  By judgment entered March 1, 2005, all of plaintiff's claims were dismissed.  With respect to plaintiff's claim that his contacts were taken because of his sexual orientation, the dismissal was based on plaintiff's failure to raise this claim within the Department of Corrections administrative process.  All other claims were dismissed with prejudice on the merits.

Plaintiff has now submitted two letters (documents 39 and 40) asking that the case be reopened.  Attached to the second of these letters is a grievance form

submitted by plaintiff to the Department of Corrections, together with the Department's response, which, plaintiff says, show that he has now exhausted his administrative remedies.

But the form plaintiff submitted did not cure the failure to exhaust administrative remedies that was the basis of the judgment dismissing plaintiff's sexual orientation claim in this court.  To the contrary, plaintiff's new grievance (attachment to document 40) mentioned neither his sexual orientation nor even the taking of his contacts.  Instead, plaintiff simply asked whether an inmate can file another grievance if he has previously exhausted all his administrative remedies and been denied.  The Department's response was that if an inmate had exhausted all his remedies to the end of the process, his next step was to go to court.

The whole point of my earlier ruling, however, was that plaintiff had *not* exhausted his administrative remedies.  He still has not done so.  Plaintiff's letters, treated as a motion to reopen the case, will be denied.

Two other points deserve mention.  First, the Prison Litigation Reform Act requires an inmate to exhaust administrative remedies *before* filing a lawsuit.  This action thus will not be reopened if plaintiff exhausts his remedies; plaintiff will have to file a new lawsuit.  Second, this court's rules require that requests for action by the court be made by motion, not by letter.  Writing letters to the court is improper.  Any further submissions by plaintiff should be by motion or other

document in the form required by Local Rule 5.1.

Accordingly,

IT IS ORDERED:

1.  Plaintiff's letters (documents 39 and 40) are deemed a motion to reopen this action.  The motion is DENIED.

2.  Plaintiff shall submit no further letters to the court.  All further submission by plaintiff must be in the form required by Local Rule 5.1.

SO ORDERED this 17th day of April, 2005.

s/Robert L. Hinkle
Chief United States District Judge